# IN THE COURT OF APPEALS OF IOWA

No. 14-0173
Filed March 25, 2015

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**GARY LEE ALEXANDER,**
     Defendant-Appellant.
_____

     Appeal from the Iowa District Court for Black Hawk County, Andrea J. Dryer, Judge.

     Gary Alexander appeals his convictions following a jury verdict finding him guilty of one count of second-degree sexual abuse and two counts of third-degree sexual abuse, asserting his attorney rendered ineffective assistance. **AFFIRMED.**

     Mark C. Smith, State Appellate Defender, and Rachel C. Regenold, Assistant Appellate Defender, for appellant.

     Thomas J. Miller, Attorney General, Darrel Mullins, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Linda Fangman, Assistant County Attorney, for appellee.

     Considered by Doyle, P.J., McDonald, J., and Mahan, S.J.*

     *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**DOYLE, P.J.**

Following a jury trial, Gary Alexander was convicted of one count of second-degree sexual abuse and two counts of third-degree sexual abuse, in violation of Iowa Code section 709.1 (2013). He now appeals, contending his trial attorney rendered him ineffective assistance because his attorney did not move to suppress his confession, which he asserts was extracted by law enforcement with promises of leniency, and because his trial counsel did not object to witnesses' testimony on the opinion of the victim's truthfulness. He asserts that even if we find each claim individually was not prejudicial to him, the two claims considered together evidence prejudicial cumulative error.

Our review of ineffective-assistance-of-counsel claims is de novo. *State v. Halverson*, 857 N.W.2d 632, 634 (Iowa 2015). However, we generally preserve such claims for postconviction-relief proceedings where a proper record can be developed. *State v. Null*, 836 N.W.2d 41, 48 (Iowa 2013). "That is particularly true where the challenged actions of counsel implicate trial tactics or strategy which might be explained in a record fully developed to address those issues." *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012). "[A]t a postconviction relief hearing, trial counsel will have an opportunity to explain [his or] her conduct and performance." *State v. Blair*, 798 N.W.2d 322, 329 (Iowa Ct. App. 2011). "Even a lawyer is entitled to his day in court, especially when his professional reputation is impugned." *State v. Bentley*, 757 N.W.2d 257, 264 (Iowa 2008). Consequently, we will only address claims of ineffective assistance of counsel on direct appeal when the record is sufficient to decide the issue. *State v. Ross*, 845 N.W.2d 692, 697 (Iowa 2014).

Here, the State contends the record is insufficient to address Alexander's ineffective-assistance claims on direct appeal, and we agree. Resolution of Alexander's claims is highly dependent on confidential conversations between Alexander and his trial counsel, particularly in light of Alexander's decision to testify at his trial against the advice of counsel. Accordingly, we affirm Alexander's convictions and preserve his ineffective-assistance-of-counsel claims for possible postconviction-relief proceedings.

**AFFIRMED.**